## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50104 | **DATE** | June 18, 2008 |
| **CASE TITLE** | U.S. ex rel. Albert Chavez (#R-18500) vs. Donald Hulick | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#3] is denied. Failure to pay the $5.00 statutory filing fee within thirty days of the date of this order will result in summary dismissal of this case.

■ [**For further details see text below.**]      Docketing to mail notices.

### STATEMENT

    Albert Chavez, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his first degree murder conviction on the grounds that: (1) the trial court gave an incorrect instruction regarding the elements of the lesser offense of involuntary manslaughter; (2) the disparity in the sentencing range for involuntary manslaughter versus first degree murder is unconstitutional; (3) the petitioner was deprived of due process in that he was effectively denied the opportunity to raise the defense of involuntary manslaughter; (4) the trial court gave the jury incorrect definitions of certain matters about which the jury had to make findings; and (5) trial and appellate counsel were ineffective.

    The petitioner's motion for leave to proceed *in forma pauperis* is denied for lack of a sufficient showing of indigence. The petitioner's financial affidavit reveals that he has a current balance of $775.34 in his prison trust account. Because the petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999), *citing Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). The petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If the petitioner does not pay the filing fee within thirty days, the court will dismiss this case.

mjm