**FILED**
**JULY 9, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**RECEIVED**
JUN 1 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

United States of America ex rel. )
)
ALBERT CHAVEZ, Inmate No. R18500 )
(Full name and prison number) )
(Include name under which convicted) )
)
PETITIONER ) CASE NO: __08 C 50104__
) (Supplied by Clerk of this Court)
) KAPALA
vs. )
)
DONALD HULICK, )
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
)
RESPONDENT, and )
)
(Fill in the following blank only if judgment )
attacked imposes a sentence to commence )
in the future) )
)
ATTORNEY GENERAL OF THE STATE OF ) Case Number of State Court Conviction:
)
) #01-CF-127 in Ogle County.
(State where judgment entered) )

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: __In the Circuit Court for the Fifteenth Judicial Circuit in Ogle County, Illinois.__

2. Date of judgment of conviction: __September 27, 2002.__

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
__One count of first-degree murdder under 720 ILCS 5/9-1(a)(2)__

4. Sentence(s) imposed: __28 years in prison.__

5. What was your plea? (Check one)   (A) Not guilty   (x)
   (B) Guilty   ( )
   (C) Nolo contendere   ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Revised: 7/20/05

PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):   Jury ( X )   Judge only (  )
2. Did you testify at trial?   YES ( X )   NO (  )
3. Did you appeal from the conviction or the sentence imposed?  YES ( X )  NO (  )

    (A) If you appealed, give the

        (1) Name of court: Illinois Appellate Court, 2nd. District.

        (2) Result: Conviction and sentence affirmed on direct appeal.

        (3) Date of ruling: August 13, 2004.

        (4) Issues raised: Denied impartial jury in offense of due process, 28 year sentence excessive.

    (B) If you did not appeal, explain briefly why not: _____

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( X )   NO (  )

    (A) If yes, give the

        (1) Result: Petition for Leave to Appeal denied. Case no. 99150.

        (2) Date of ruling: 11/24/2004.

        (3) Issues raised: Same as presented in direct appeal.

    (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )  No ( X )

    If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: Circuit Court of the Fifteenth Judicial Circuit in Ogle County, Illinois.

   B. Date of filing: March 29, 2005.

   C. Issues raised: Conviction and sentence for first-degree murder violates due process State and Federal because elements same as for lesser included offense of involuntary manslaughter. Cont. on page 8

   D. Did you receive an evidentiary hearing on your petition?    YES ( )   NO (X)

   E. What was the court's ruling? State's motion to dismiss granted. Copy of Order attached hereto in Appendix A.

   F. Date of court's ruling: December 19, 2005.

   G. Did you appeal from the ruling on your petition?    YES (X)   NO ( )

   H. (a) If yes, (1) what was the result? Dismissal upheld. Case no. 2-06-0070.

   (2) date of decision: November 27, 2007.

   (b) If no, explain briefly why not: _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (X)   NO ( )

   (a) If yes, (1) what was the result? Petition for Leave to Appeal denied in case no. 105831.

   (2) date of decision: Jan. 3, 2008.

   (b) If no, explain briefly why not: _____

3

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a state court using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (x)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding           _____

      2. Date petition filed            _____

      3. Ruling on the petition         _____

      4. Date of ruling                 _____

      5. If you appealed, what was
         the ruling on appeal?          _____

      6. Date of ruling on appeal       _____

      7. If there was a further appeal,
         what was the ruling ?          _____

      8. Date of ruling on appeal       _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in federal court?   YES ( )   NO (x)

   A. If yes, give name of court, case title and case number: _____

   _____

   B. Did the court rule on your petition? If so, state

      (1) Ruling: _____

      (2) Date: _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (x)

   If yes, explain: _____

   _____

4

Revised: 7/20/05

PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.

(A) Ground one  Violation of petitioner's right to due process secured
Supporting facts (tell your story briefly without citing cases or law):

by 14th. Amendment because court, at state's request, instructed jury that to find petitioner guilty of alleged lesser included offense of involuntary manslaughter under 720 ILCS 5/9-3 (2001) they had to find victim to be a family or household member in relation to petitioner and petitioner not notified of such element in indictment and therefore did not defend it at trial. Petitioner thus deceived into conclusion did not need to defend the element. The element made the murder conviction easier to get by making the involuntary manslaughter more difficult to prove.

(B) Ground two  Violation of petitioner's right to due process of law
Supporting facts:

secured by 14 th. Amendment because involuntary manslaughter and knowing [unintentional] first-degree murder in violation of 720 ILCS 5/9-1 (a)(2) have identical elements but first degree murder punished far more severely and minimum sentence of 20 years in prison at 100% is 20 times more severe than the 2-5 year sentence for involuntary manslaughter with potential day for day good conduct credit pursuant to 730 ILCS 5/3-6-3(2001) assuming the same is earned and involuntary manslaughter and first degree murder under 720 ILCS 5/9-1(a)(2); where the crime is not premeditated, each involve proof of the same facts: that the defendant knew his conduct created a strong probability of death or great bodily injury and that he did it anyway. Knowledge under Section 9-1(a)(2) and recklessness nuder Section 9-3; where the death was not intentional, each require knowledge that one's actions create a strong likelihood of death or great bodily injury to the decedent or others. Thus, the petitioner should be deemed convicted only of involuntary manslaughter and sentenced under the laws applicable to that offense, because it is uncontradicted that the petitioner did not intend to cause the decedent's death.

Revised: 7/20/05

    (C) Ground three <u>Right to be found guilty of lesser included offense secured</u>
        Supporting facts:

<u>by Due Process Clause of 14th. Amendment violated because court's jury</u>

<u>instruction that jury had to find victim a family or household member in</u>

<u>relation to petitioner to find guilty of involuntary manslaughter where</u>

<u>the same was not a lesser included offense of the first degree murder count</u>

<u>charged and family or household member element not charged denied</u>

<u>due process.</u>

    (D) Ground four <u>Petitioner's right to due process under 14th. Amendment</u>
        Supporting facts:

<u>violated because Court did not instruct the jury of the definition of</u>

<u>knowingly as it relates to the first-degree murder charge where jury</u>

<u>instructed on involuntary manslaughter and the mental state for both</u>

<u>charges was essentially the same under the facts of this case where the</u>

<u>death was unintentional and jury was instructed on the definition of</u>

<u>recklessness as it relates to the involuntary manslaughter charge.</u>

<u>GROUND 5 SET FORTH ON PAGE 9 DUE TO LACK OF SUFFICIENT SPACE.</u>

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

    YES (X)  NO ( )

3. If you answered "NO" to question (2), state <u>briefly</u> what grounds were not so presented and why not:

Revised: 7/20/05

PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

 (A) At preliminary hearing N/A

 (B) At arraignment and plea John Redington, Attorney at Law

 (C) At trial John Redington, Attorney at Law

 (D) At sentencing John Redington

 (E) On appeal Thomas A. Lilien, Asst. Appellate Defender, 2nd. Dist..

 (F) In any post-conviction proceeding Dennis Riley, Asst. Public Defender, & Carrie Marche, Asst. Appellate Defender, 2nd. District

 (G) Other (state):

PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( ) NO (X)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

 WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____
  (Date)

_____
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature of petitioner) Albert chavez

Inmate No. R18500
(I.D. Number)

P.O. Box 711, Menard, IL 62259
(Address)

7  Revised: 7/20/05

Continued from page 3, part II, question 1(C): (What claims were presented in state post-conviction proceedings) (2) State constructively amended indictment in offense of due process state and federal by adding jury instruction that victim a family or household member without notice or opportunity to defend allegation at trial, (3) State denied petitioner due process state and federal by adding jury instruction to involuntary manslaughter that victim family or household member without amending first-degree murder charge to include that victim must be family or household member, (4) state violated petitioner's right to be tried on charges found by grand jury secured by the fifth Amendment of the United States Constitution by adding family or household member element to jury instructions but not to first-degree murder charge where family or household member element was essential element of greater offense due to inclusion in lesser offense of involuntary manslaughter, (5) violation of petitioner's rights to due process state and federal in that court failed to instruct jury on the definition of knowledge relative to the charge of knowing first-degree murder in violation of 720 ILCS 5/9-1(a)(2) and because court did not instruct jury that knowledge required the prohibited result, (6) Ineffective assistance of trial counsel for counsel's failure to tender a jury instruction on whether the petitioner was consciously aware that his "knowing act" would produce a "knowing result" , (7) ineffective assistance of counsel in violation of petitioner's right to same guaranteed by the Sixth Amendment of the United States Constitution for trial counsel's

8.

failure to raise and to preserve for appellate review the claims set forth in claims 1-5 of this paragraph.

CONTINUED FROM PAGE SIX GROUND FOR HABEAS CORPUS RELIEF 5:

(E) Ground Five: Violation of the petitioner's right to effective and meaningful legal representation guaranteed by the Sixth Amendment of the United States Constitution for petitioner's trial counsel's failure to have raised and preserved for appellate review the claims set forth in grounds for federal habeas corpus relief 1-4 of this petition, and for petitioner's counsel on direct appeal having failed to raise the same claims on the petitioner's direct appeal in state court.

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

          I declare under penalty of perjury that the foregoing is true and correct.

          Respectfully submitted,

          *[signature]*
          Albert Chavez
          Inmate No. R18500
          Menard Correctional Center
          P.O. Box 711
          Menard, Illinois 62259
          Petitioner / Pro Se

Executed on this 10TH day of JUNE, 2008.

## APPENDIX A

Trial court's Order dismissing post-conviction petition in response to State's motion to dismiss.



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
OGLE COUNTY, STATE OF ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,  )
             Respondent/Plaintiff,  )
                  v.  )  No. 01CF107
ALBERT CHAVEZ, JR.,  )
             Petitioner/Defendant.  )

FILED
DEC 19 2005
CLERK OF THE CIRCUIT COURT
OGLE COUNTY

ORDER

This cause coming to be heard on the State's Motion to Dismiss the Petitioner's Post-Conviction Petition, the parties being present in court and represented by their respective counsel, and the Court having considered the arguments of counsel and pleadings filed herein, finds as follows:

1. That on March 29, 2005, the Petitioner filed herein his Pro Se Post-Conviction Petition. Thereafter the State filed its Motion to Dismiss the Defendant's Post-Conviction Petition.

2. Following a second jury trial the Petitioner was found guilty of the offense of first degree murder on September 27, 2002. The Petition was subsequently sentenced to twenty-eight years in the Illinois Department of Corrections.

3. As grounds for his request for Post Conviction Relief the Petitioner claims that: (a) the statute under which he was convicted provides for an unconstitutionally disproportionate sentence from the "substantially indistinguishable" crime of involuntary manslaughter; (b) that the Court improperly "constructively amended" the first degree murder indictment returned against the Petitioner by allowing the State's request that the jury

1

instruction given to the jury in regard to the offense of involuntary manslaughter include a proposition that the death involved that of a family or household member; and (c) that the Court's failure to instruct the jury as to the definition of the term "knowledge" was error and constituted ineffective assistance of counsel.

4.  A direct appeal of the case was taken to the Illinois Appellate Court, Second District, where the Petitioner contended that he was denied a fair trial based upon the manner in which the voir dire examination of witnesses was conducted and that his sentence was excessive. On August 13, 2004, the Petitioner's conviction and sentence were affirmed by the Second District Appellate Court, (see People v. Chavez, 2-03-0071, unpublished Order under Supreme Court Rule 23) and no further appeal was allowed.

5.  As noted, the Petitioner's Post-Conviction Petition was filed on March 29, 2005, and is before the Court on the State's Motion to Dismiss pursuant to 725 ILCS 5/122-5. A post-conviction petition is a collateral attack on a prior judgment and is limited to constitutional issues which were not and could not have been raised on direct appeal, (see People v. King, 192 Ill.2d 189, 735 N.E.2d 569, 248 Ill.Dec. 918 (2000)). Under the act a petitioner enjoys no entitlement of an evidentiary hearing, (see People v. Coleman, 191 Ill.2d 392, 732 N.E.2d 519, 247 Ill. Dec. 464 (2000)) In order to obtain a hearing the petitioner has the burden of establishing that a substantial violation of his constitutional rights occurred at trial (see People v. Johnson, 191 Ill.2d 257, 735 N.E.2d 1107, 246 Ill. Dec. 642 (2000)).

6.  As noted, the State has moved to dismiss the Petition in its entirety. As to the disproportion penalties argument, Illinois courts have clearly recognized that there is a difference between involuntary manslaughter and first degree murder such that disproportionate penalties are authorized. Specifically, in People v. DiVincenzo, 183 Ill.2d 239, 700 N.E.2d 981, 233 Ill.Dec. 273 (1998), the Illinois Supreme Court stated that, "The

2

basic difference between involuntary manslaughter and first degree murder is the mental state that accompanies the conduct resulting in the victim's death...Involuntary manslaughter requires a less culpable mental state than first degree murder...In general, a defendant acts recklessly when he is aware that his conduct might result in death or great bodily harm, although that result is not substantially certain to occur...Reckless conduct generally involves a lesser degree of risk than conduct that creates a strong probability of death or great bodily harm". The Petitioner asserts in essence that reckless conduct and knowing conduct are the same. However, not only is that not the law, Illinois courts have reached the opposite conclusion. In People v. Fornear, 176 Ill.2d 523, 680 N.E.2d 1231, 224 Ill.Dec. 12 (1997), the Illinois Supreme Court stated, in comparing offenses involving reckless and knowing conduct, "...the argument that the mental states involved herein are not mutually inconsistent, because the mental state of knowledge 'includes' the mental state of recklessness was raised and rejected in Spears....'The fatal flaw in this argument is that it totally blurs the distinction between the mental state of knowledge and the less culpable mental state of recklessness by assuming the two invariably coexist'...We continue to adhere to the holding of Spears....that recklessness and knowledge are mutually inconsistent culpable mental states." There is no disproportionate penalty argument which can be made here. On that basis, that portion of the Petitioner's Petition is dismissed.

7.    At the State's request the term "family or household member" was included in the Petitioner's requested jury instruction for the lesser-included and uncharged offense of involuntary manslaughter. It was added to the Petitioner's proposed instruction because it was uncontested at trial that such a relationship existed between the Petitioner and the victim at the time of the offense and because the existence of this fact could cause an enhancement of the penalty should the jury have returned a guilty verdict for manslaughter (see 720 ILCS

3

5/9-3(f)). There is no such similar enhancement provision for first degree murder and therefore it would have been inappropriate to include that term in any instruction related to that charge. Accordingly that portion of the Petitioner's Petition is dismissed.

8.      Finally, the Petitioner argues that error occurred in the Court's failure to instruct the jury as to the definition of "knowingly" (IPI Criminal 5.01(B)). The Petitioner first asserts that the trial court erred in failing to give such an instruction on its own motion. Alternatively, he avers that his counsel's failure to offer the instruction constituted ineffective assistance of counsel.

9.      In examining a claim for ineffective assistance of counsel the court must follow the two-pronged test of <u>Strickland v. Washington</u>, 466 US 668, 10 L.Ed. 2d 674, 104 S.Ct. 2052 (1984). Under this standard a petitioner must show that his counsel's representation fell below an objective standard of reasonableness, and that, but for this deficiency, there is a reasonable probability that the counsel's performance was prejudicial to the defense. A petitioner's failure to make the requisite showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness (see <u>People v. Morgan</u>, 187 Ill.2d 500, 719 N.E.2d 681, 241 Ill.Dec. 552 (1999)). Effective assistance of counsel in a constitutional sense means competent, not perfect, representation (see <u>People v. Easley</u>, 192 Ill.2d 307, 736 N.E.2d 975, 249 Ill.Dec. 537 (2000)). There is a strong presumption that a counsel's performance has been within the wide range of reasonable professional assistance (see <u>Strickland</u>). Finally, the fact that another attorney might have pursued a different strategy is not a factor in a competency determination (see <u>People v. Palmer</u>, 162 Ill.2d 465, 643 N.E.2d 797 205 Ill.Dec. 506 (1994)).

10.     Here the Petitioner's counsel did request and the trial court did instruct the jury as to the definition of "recklessness". Clearly the Court's failure to give the "knowingly"

4

instruction *sua sponte* was not error. In regard to the instruction of a jury on the definitions of specific mental states the court in People v. Powell, 159 Ill.App.3d 1005, 512 N.E.2d 1364, 111 Ill.Dec.727 (1st Dist., 1987) held, "...the jury need not be instructed on the terms of knowingly and intentionally because those terms have a plain meaning within the jury's common knowledge....". The jury never expressed any confusion over the definition of the term knowingly as might have required a more specific instruction. As to counsel's failure to tender such an instruction, a reviewing court must be very careful not to second guess such reasoning. As noted in Powell, such decisions concern matters of trial strategy which fail to rise to incompetent representation. As noted counsel did tender the recklessness instruction, clearly attempting to draw the jury's attention to the lesser-included charge. The Petitioner has failed to show how this failure in any way prejudiced him. There simply is no basis to find that the failure to give this instruction by either the court or counsel prejudiced the Petitioner.

　　WHEREFORE IT IS HEREBY ORDERED that the State's Motion to Dismiss the Petitioner's Post-Conviction Petition is granted in its entirety.

Entered: 12-19-05

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Stephen C. Pemberton
　　　　　　　　　　　　　　　　　　　　　　Circuit Judge

cc:　　Atty Roe
　　　　Atty Riley
　　　　Mr. Chavez

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

United States of America ex rel. )
ALBERT CHAVEZ, )
      Petitioner, )
 )
VS. ) Case No.
 )
DONALD HULICK, Warden, )
Menard Correctional Center, )
      Respondent. )

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO: Illinois attorney General
    100 W. Randolph Street, 12th. Floor
    Chicago, Illinois 60601

    PLEASE TAKE NOTICE that on this 10th day of June, 2008 I mailed an original and two copies of the attached Petition for Writ of Habeas Corpus - Person in state Custody to the Clerk of the United States District Court for the Northern District of Illinois, western Division at 211 South Court Street, Rockford, Illinois 61101 for filing in the above captioned matter.

    Petitioner, Albert Chavez, verifies under penalty of perjury that he served a copy of the attached Petition for Writ of Habeas Corpus - Person in State Custody upon the Illinois Attorney General at the above stated address by delivering the same in a sealed and correctly addressed envelope to a corrections officer at the Menard Correctional Center in Menard, Illinois on the 10th day of June, 2008, with attachment of sufficient postage to same and delivery of the same into the U.S. Mail to be performed by employees of said prison.

                                              By: _____
                                              Albert Chavez
                                              Inmate No. R18500
                                              Menard Corr. Ctr.
                                              P.O. Box 711
                                              Menard, Illinois 62259

ALFRED HURZ # K63500
DIXON CORRECTIONAL CENTER
BOX # 1111
DIXON, ILLINOIS 61021

Clerk of the United States
District Court
Northern District of Illinois, Western Division
211 South Court Street
Rockford, Illinois