## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50104 | **DATE** | July 10, 2008 |
| **CASE TITLE** | U.S. ex rel. Albert Chavez (#R-18500) vs. Donald Hulick | | |

**DOCKET ENTRY TEXT:**

The respondent is ordered to answer the petition or otherwise plead within sixty days of the date of this order. The petitioner is directed to file a reply brief within thirty days of the filing of the State's response to the petition. The petitioner's motion for appointment of counsel [#4] is denied as premature.

■ **[For further details see text below.]**                    Docketing to mail notices.

### STATEMENT

Albert Chavez, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his first degree murder conviction on the grounds that: (1) the trial court gave an incorrect instruction regarding the elements of the lesser offense of involuntary manslaughter; (2) the disparity in the sentencing range for involuntary manslaughter versus first degree murder is unconstitutional; (3) the petitioner was deprived of due process in that he was effectively denied the opportunity to raise the defense of involuntary manslaughter; (4) the trial court gave the jury incorrect definitions of certain matters about which the jury had to make findings; and (5) trial and appellate counsel were ineffective.

The petitioner has paid the statutory filing fee as directed. *See* Minute Order of June 18, 2008. In addition, the petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition; furthermore, he appears to have filed this action in a timely manner. Accordingly, the respondent is ordered to answer the petition or otherwise plead within sixty days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

The petitioner is directed to file a reply brief within thirty days after the State has responded to his petition. *See* Rule 5(e) of the Rules Governing Section 2254 cases.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy **(CONTINUED)**

| | mjm |
|---|---|

**STATEMENT (continued)**

(including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

Finally, the petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.