IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ALBERT CHAVEZ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 50104 |
| DONALD HULICK, Warden, Menard Correctional Center, | ) ) ) | The Honorable Frederick J. Kapala, |
| Respondent. | ) ) | Judge Presiding. |

**NOTICE OF THIS COURT'S PRIOR INVOLVEMENT
IN PETITIONER'S STATE CASE AND WAIVER**

Pursuant to 28 U.S.C. § 455(a), respondent DONALD HULICK notifies this Court as to the following:

1. This Court, while a Justice of the Appellate Court of Illinois, sat on the appellate court panel that affirmed petitioner's conviction and sentence on direct appeal. *People v. Chavez*, No. 2-03-0071, slip at 15 (Ill. App. Aug. 13, 2004) (Rule 23 Order) (Byrne, J., with Bowman and Kapala, JJ., concurring) (Exhibit A). Accordingly, this Court should consider whether to recuse itself from presiding over this challenge to that conviction.

2. In 2002, in the Circuit Court of Ogle County, Illinois, petitioner was convicted of first degree murder and sentenced to 28 years' imprisonment. (Pet. at 1). Petitioner's conviction was affirmed by the Appellate Court of Illinois, Second

District, *People v. Chavez*, No. 2-03-0071, slip at 15 (Ill. App. Aug. 13, 2004) (Rule 23 Order) (Byrne, J., with Bowman and Kapala, JJ., concurring) (Exhibit A), and the Supreme Court of Illinois denied petitioner leave to appeal (PLA). (Pet. at 2). Petitioner filed a postconviction petition that was dismissed by the trial court, and that dismissal was affirmed by the appellate court. (Pet. at 3). The Illinois Supreme Court denied petitioner's PLA, thus ending petitioner's state court proceedings on April 30, 2008. (*Id.*).

  3. On June 16, 2008, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging petitioner's state conviction and sentence. (Doc. 1). The case was assigned to this Court. However, this Court was a member of the state appellate court panel that affirmed petitioner's judgment of conviction and sentence. Under such circumstances, recusal should be considered. *Russell v. Lane*, 890 F.2d 947 (7th Cir. 1989).

  4. In *Russell*, the Seventh Circuit considered a similar situation. There, on the day the habeas petition was filed in federal court, Judge Mills of the Central District of Illinois, dismissed four of that petitioner's six claims and ordered the State to answer the other two. *Id.* at 947. Some months later, the judge discovered that he had been a member of the Appellate Court of Illinois panel that had affirmed the conviction that was being challenged in the pending federal habeas petition. *Id.* Judge Mills recused himself, and the case was reassigned to Judge Mihm who subsequently dismissed the remaining claims. *Id.* In discussing the

appropriate remedy for such a situation, the *Russell* court recognized that the disqualification requirement of 28 U.S.C. § 455(a) could be implicated when a federal district court judge heard a habeas petition challenging a state court conviction when that judge was a member of a panel of the state appellate court that had previously affirmed the conviction. *Id.* at 948 ("Russell was entitled to have his habeas corpus petition heard by a judge who had not participated in his conviction.").

4.      Respondent files this notice in light of *Russell v. Lane*. Respondent is raising this matter at the outset of the proceedings so that this Court and petitioner are fully informed in order to avoid any unnecessary future litigation and dispute over this point.

5.      A conflict of interest that otherwise would require disqualification under 28 U.S.C. § 455(a) may be waived pursuant to 28 U.S.C. § 455(e) if the waiver "is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e); *see also Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 525 F.3d 554, 557 (7th Cir. 2008) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1204-05 (7th Cir. 1985); *United States v. Murphy*, 768 F.2d 1518, 1540 (7th Cir. 1985)). Furthermore, a party waives a § 455(a) claim if he fails to raise the issue before the district court. *United States v. Ruzzano*, 247 F.3d 688, 694 (7th Cir. 2001). Pursuant to 28 U.S.C. § 455(e), respondent waives any potential objection to this Court presiding over this case under 28 U.S.C. § 455(a).

July 30, 2008                                    Respectfully submitted,

                                                              LISA MADIGAN
                                                              Attorney General of Illinois

                                  By:    /s/ Charles Redfern
                                          CHARLES REDFERN, Bar # 6283811
                                          Assistant Attorney General
                                          100 W. Randolph Street, 12th Floor
                                          Chicago, IL 60601-3218
                                          PHONE: (312) 814-3565
                                          FAX: (312) 814-2253
                                          EMAIL: credfern@atg.state.il.us

## **CERTIFICATE OF SERVICE**

      I certify that on July 30, 2008, I electronically filed respondent's **Notice Of This Court's Prior Involvement In Petitioner's State Case And Waiver** with the Clerk of the United States District Court for the Northern District of Illinois, Western Division, using the CM/ECF system and on the same date mailed a copy of this document in via United States Postal Service to the following non-CM/ECF user:

      Albert Chavez
      R-18500
      Menard Correctional Center
      P.O. Box 711
      Menard, Illinois 62259

      /s/ Charles Redfern
      CHARLES REDFERN, Bar # 6283811
      Assistant Attorney General
      100 W. Randolph Street, 12th Floor
      Chicago, IL 60601-3218
      PHONE: (312) 814-3565
      FAX: (312) 814-2253
      EMAIL: credfern@atg.state.il.us