IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel.<br>  ALBERT CHAVEZ, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | No. 08 C 50104 |
| DONALD HULICK, Warden,<br>  Menard Correctional Center, | )<br>)<br>) | The Honorable<br>Philip G. Reinhard, |
| Respondent. | ) | Judge Presiding. |

## ANSWER TO PETITION FOR A WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and this Court's order of July 10, 2008 (Doc. 9), respondent DONALD HULICK hereby files this answer to petitioner's petition for a writ of habeas corpus and states as follows:

### I.   PROCEDURAL HISTORY

1.    Petitioner Albert Chavez, identified as prisoner R18500, is incarcerated at the Menard Correctional Center in Menard, Illinois, where he is in the custody of Warden Donald Hulick.

2.    Petitioner was convicted in the Circuit Court of Ogle County of first degree murder in violation of 720 ILCS 5/9-1(a)(2) (knowing that acts causing death create strong probability of death or great bodily harm), and was sentenced on his conviction to 28 years' imprisonment. (Exhibit C at 1). The evidence at trial

showed that on September 18, 2001, petitioner stabbed his live-in boyfriend, Ronald Andrews, in the chest with a kitchen knife while Andrews was sleeping. (Exhibit C at 2). Petitioner told the police that he stabbed Andrews because "he was cheating on me." (*Id.* at 2, 5). Prior to going to sleep, Andrews had admitted to cheating on petitioner, and petitioner had told Andrews that he should move out by the end of the week. (*Id.* at 7).

   3. On direct appeal to the Appellate Court of Illinois, Second District, petitioner argued that:

    A. He was denied a fair and impartial trial because the trial court erred during voir dire by:

     1. failing to excuse a juror for cause which required petitioner to exhaust his peremptory challenges so that he was unable to challenge a later juror whom he would have excused with a peremptory challenge, and

     2. refusing to reopen questioning of the 10 jurors selected from the first panel of the venire when a prospective alternate juror revealed there had been some discussion of the case among the second panel of the venire; and

    B. The trial court imposed an excessive sentence.

(Exhibit C at 1; Exhibit A at 1-2). The appellate court affirmed. (Exhibit C). Petitioner filed a petition for leave to appeal (PLA) in the Supreme Court of Illinois raising the same issues, (Exhibit D), which was denied on November 24, 2004. (Exhibit E). Petitioner did not file a petition for a writ of certiorari in the Supreme Court of the United States. (Pet. at 2).

      3.     On March 29, 2005, petitioner filed a postconviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, alleging:

    A.    The first degree murder statute under which petitioner was convicted provides an unconstitutionally disproportionate sentence from the substantially indistinguishable crime of involuntary manslaughter;

    B.    The trial court improperly constructively amended the first degree murder indictment by allowing the State's request that the jury instruction on involuntary manslaughter include the proposition that the death involved a family or household member; and

    C.    The trial court erred by failing to instruct the jury as to the definition of "knowledge," and trial counsel was ineffective for failing to object to this error.

(Exhibit F; Exhibit H at 1-2; Exhibit L at 1-2). On December 19, 2005, the trial court denied the petition. (Exhibit H). On appeal, petitioner argued that he was denied reasonable assistance of postconviction counsel because counsel failed to file a certificate required under Illinois Supreme Court Rule 651(c), and the record did not otherwise show that appointed counsel complied with the rule. (Exhibit I at 1; Exhibit L at 1). The appellate court affirmed. (Exhibit L). In his PLA to the Supreme Court of Illinois, petitioner raised the three claims from his postconviction petition plus the Rule 651(c) argument presented in the appellate court. (Exhibit M). The Supreme Court of Illinois denied the PLA on March 26, 2008. (Exhibit N). Petitioner did not file a petition for a writ of certiorari in the Supreme Court of the United States. (Pet. at 3).

    4.    On June 16, 2008, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 arguing:

    A.    His due process rights were violated when the trial court instructed that to convict petitioner of the lesser offense of involuntary manslaughter, the jury would have to find that the victim was a family or household member — a fact that was not charged in the indictment;

    B.    His due process rights were violated because the elements of involuntary manslaughter and unintentional knowing first degree murder are the same under Illinois law yet the punishment for murder is disproportionately higher;

    C.    His due process rights were violated because the jury instruction as to family or household member deprived him of the ability to be convicted of the lesser included offense of involuntary manslaughter instead of murder;

    D.    His due process rights were violated when the trial court did not instruct the jury as to the legal definition of "knowingly" as it related to the murder charge;

    E.    His right to effective assistance of counsel was violated by trial counsel's failure to raise the four above issues at trial and appellate counsel's failure to argue them on direct appeal.

    5.    In compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent has filed Exhibits A-N, with the Clerk of this Court, under separate cover:

Exhibit A:    Petitioner's Opening Brief on Direct Appeal, *People v. Chavez*, No. 2-03-0071 (Ill.App.);

Exhibit B:    State's Brief on Direct Appeal, *People v. Chavez*, No. 2-03-0071 (Ill.App.);

Exhibit C:    Rule 23 Order, *People v. Chavez*, No. 2-03-0071 (Ill.App. Aug. 13, 2004);

Exhibit D:   PLA to the Supreme Court of Illinois, *People v. Chavez*, No. 99150;

Exhibit E:   Order Denying PLA, *People v. Chavez*, No. 99150 (Ill. Nov. 24, 2004);

Exhibit F:   Petitioner's Postconviction Petition, *People v. Chavez*, No. 01 CF 127, Circuit Court for the Fifteenth Judicial Circuit, Ogle County, Illinois (Mar. 29, 2005);

Exhibit G:   State's Motion to Dismiss Petitioner's Postconviction Petition, *People v. Chavez*, No. 01 CF 127, Circuit Court for the Fifteenth Judicial Circuit, Ogle County, Illinois (July 25, 2005);

Exhibit H:   Order Granting State's Motion To Dismiss Petitioner's Postconviction Petition, *People v. Chavez*, No. 01 CF 127, Circuit Court for the Fifteenth Judicial Circuit, Ogle County, Illinois (Dec. 19, 2005);

Exhibit I:   Petitioner's Opening Brief on Postconviction Appeal, *People v. Chavez*, No. 2-06-0070 (Ill.App.);

Exhibit J:   State's Brief on Postconviction Appeal, *People v. Chavez*, No. 2-03-0071 (Ill.App.);

Exhibit K:   Petitioner's Reply Brief on Postconviction Appeal, *People v. Chavez*, No. 2-06-0070 (Ill.App.);

Exhibit L:   Rule 23 Order, *People v. Chavez*, No. 2-06-0070 (Ill.App. Nov. 27, 2007);

Exhibit M:   PLA to the Supreme Court of Illinois, *People v. Chavez*, No. 105831; and

Exhibit N:   Order Denying PLA, *People v. Chavez*, No. 105831 (Ill. Mar. 26, 2008).

It is unnecessary to file the entire state court record with this Court at this time because this case can be resolved fairly without them. *See Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004) (decision whether transcripts are

necessary left to sound discretion of the district court; review of state court transcripts quite rare); *Kines v. Godinez*, 7 F.3d 674, 677 (7th Cir. 1993) (where federal habeas petitioner does not "identify any inaccuracies or incompleteness" in the appellate court factual summaries, a federal habeas court may exclusively rely on those factual summaries in adjudicating the claims contained in the habeas petition). In compliance with Rule 5, respondent reports that the state court record, consisting of 16 volumes, is in the custody of the Circuit Court for the Fifteenth Judicial Circuit, Ogle County, Illinois.

## II.  Petitioner's Claims Are Procedurally Defaulted.

Petitioner's claims are procedurally defaulted because he failed to present them to all levels of the state court as required, and he no longer has an available state court proceeding in which to do so. Petitioner's first four claims were raised in his postconviction petition, but he failed to present them to the appellate court on appeal of the trial court's denial of his postconviction petition. Petitioner's ineffective assistance of counsel arguments were not raised at any point in the state proceedings. Petitioner cannot demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Consequently, his procedural defaults require denial of his habeas petition.

### A  Petitioner's Claims One Through Four Are Procedurally Defaulted Because They Were Not Presented To All Levels Of The Illinois State Courts.

"Under 28 U.S.C. § 2254, before a state habeas petitioner is allowed to pursue his claims in federal court, he must exhaust his remedies in the state

courts." *Guest v. McCann*, 474 F.3d 926, 929 (7th Cir. 2007). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Procedural default occurs when a petitioner failed to present his claim to the state court, and the state court now bars the presentation of the claim. *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 n.1 (1991); *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (procedural default occurs when claim not presented to state courts and they would now hold claim procedurally barred).

"[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts [and therefore] state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "This means that the petitioner must raise the issue at each and every level in the state court system." *Lewis*, 390 F.3d at 1025 (citing *Boerckel*, 526 U.S. at 845).

Claims One through Four were only *partially*, but not *completely*, presented to the state courts. Petitioner raised these claims in his postconviction petition

before the state trial court, (Exhibit F; Exhibit H at 1-2; Exhibit L at 1-2), and in his PLA before the Supreme Court of Illinois. (Exhibit M). However, these claims were not presented to the appellate court; only the Rule 651(c) claim was presented to the appellate court. (Exhibit I at 1; Exhibit L at 1). Petitioner's failure to raise these claims to the state appellate court procedurally defaults them. *See Lewis*, 390 F.3d at 1028 (holding that petitioner defaults a claim when he fails to raise the claim on appeal to the state appellate court); *Spreitzer v. Schomig*, 219 F.3d 639, 645 (7th Cir. 2000). The fact that petitioner later reasserted these claims in his PLA to the Supreme Court of Illinois does not excuse his procedural default. *See Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001) ("Presenting a federal claim for the first time in a petition for discretionary review by a state's highest court will not satisfy the fair presentment requirement.") (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996); *Verdin v. O'Leary*, 972 F.2d 1467, 1479 n.13 (7th Cir. 1992)).

> **B.    Petitioner's Ineffective Assistance Of Counsel Arguments In Claim Five Were Not Fairly Presented To The Illinois State Courts And Therefore Are Procedurally Defaulted.**

Petitioner's fifth claim in his habeas petition raises one ineffective assistance of counsel argument that is procedurally defaulted because it was not presented to all three levels of the Illinois courts. The other ineffective assistant arguments in that claim have never been presented to any state court. In his state court proceedings, petitioner's only ineffective assistance of counsel argument was trial

counsel's alleged failure to object to the trial court not providing the jury with a definition of knowledge. As explained above, this ineffective assistance of counsel argument is procedurally defaulted because it was not raised in the appellate court. In his present federal habeas petition, petitioner raises new ineffective assistance of counsel arguments alleging that his trial and appellate counsel were ineffective for failing to raise the four claims that he presents in his habeas petition. These new ineffective assistance of counsel arguments were not fairly presented at any point during petitioner's state court proceedings and therefore are also procedurally defaulted.

"Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (quoting *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001); *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999)). "A petitioner must present to the state judiciary both the operative facts and legal principles that control each claim." *Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir. 2002) (citing *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001)). In evaluating whether a claim was fairly presented to the state courts, federal courts "avoid hypertechnicality" and allow a petitioner to reformulate his preexisting claim as long as the substance of the claim presented in federal court is the same as the one presented in state court. *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). However, "[m]ere similarity" between previously presented state claims and present federal claims is insufficient to satisfy the fair

presentment requirement when the claims raise different legal and factual grounds for relief. *Id.* at 738 (citation omitted); *see also Picard*, 404 U.S. at 276 ("The question here is simply whether, on the record and argument before it, the [state court] had a fair opportunity to consider [petitioner's federal constitutional claim now raised in his habeas petition] and to correct that asserted constitutional defect in [petitioner's] conviction.").

Petitioner's ineffective assistance of counsel arguments raised in his habeas petition that were never presented at any stage in the state court proceedings are procedurally defaulted for that reason under the fair presentment requirement. *Picard*, 404 U.S. at 276; *Chambers*, 264 F.3d 738. The fact that petitioner raised one ineffective assistance of counsel argument involving jury instructions (trial counsel's failure to object to the court's failure to define knowledge in the jury instructions) during a portion of his state court proceedings does not give him *carte blanche* to raise new ineffective assistance of counsel arguments free from the rules of fair presentment, exhaustion and procedural default. It is true that "counsel's work must be assessed as a whole [and] it is the overall deficient performance, rather than a specific failing, that constitutes the ground for relief" for an ineffective assistance of counsel claim. *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (quoting *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005)). However, petitioner must still fairly present and exhaust an ineffective assistance of counsel argument as to each alleged deficient act to avoid procedural default.

*Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007) ("[T]he purpose behind the rules of procedural default requires a party to present to the state court both the facts and law on which he relies. Thus, the failure to alert the state court to a complaint about one aspect of counsel's assistance will lead to a procedural default."); *see Bradshaw v. Richey*, 546 U.S. 74, 79 (2005) (habeas petitioner procedurally defaulted ineffective assistance of counsel subclaims). In other words, an ineffective assistance of counsel argument in a habeas petition has not been fairly presented to the state courts when it advances legal and factual theories that are different from an ineffective assistance of counsel argument that was fairly presented to the state courts. *See Sweeney v. Carter*, 361 F.3d 327, 332-33 (7th Cir. 2004).

Petitioner's ineffective assistance of trial counsel argument as to trial counsel's failure to object to the lack of the knowledge instruction did not fairly present the distinct ineffective assistance of counsel arguments that petitioner now presents in this petition. These new ineffective assistance allegations raise new factual and legal arguments, and are, therefore, procedurally defaulted for habeas review.

      C.     **There Are No Grounds To Excuse Petitioner's Defaults.**

Petitioner cannot demonstrate either cause and prejudice or a fundamental miscarriage of justice to excuse his procedural defaults. To demonstrate cause, petitioner must show that an "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" such as: "(1)

interference by officials that makes compliance impractical; (2) constitutionally ineffective assistance of counsel; [or] (3) a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Guest*, 474 F.3d at 930 (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478 (1986)). "Fundamental miscarriage of justice . . . is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent.  To show 'actual innocence,' [petitioner] must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has not attempted to excuse his procedural missteps.  The only relevant argument that petitioner might make in this regard would be ineffective assistance of counsel of postconviction appellate counsel.  (Fundamental miscarriage of justice is not applicable because petitioner has never argued, and the record does not suggest, actual innocence.)  Petitioner may note that he was pro se when he filed his postconviction petition, and that the lawyer appointed to represent him on appeal only raised the Rule 651 claim resulting in the present procedural default as previously discussed.  However, this argument would be unsuccessful.

"The Supreme Court's decision in *Edwards v. Carpenter*, established that the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is, itself, a constitutional claim that must have been raised before the

state court or be procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) (citing 529 U.S. 446, 453 (2000). Petitioner has not raised, nor has he properly exhausted, a claim of ineffective assistance of appellate counsel on postconviction appeal. And even if petitioner had raised such a claim, it could not constitute cause to excuse his default because there is no federal constitutional right to postconviction counsel. *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998) ("[W]hatever [a state's rules] may be with respect to state-provided counsel at the postconviction stage, as a matter of federal law a person has no such right.")); *see also Smith v. Battaglia*, 415 F.3d 649, 653 (7th Cir. 2005). Finally, there can be no conceivable excuse for petitioner's failure to present to the state courts those contentions in his habeas petition that are raised here for the first time. Petitioner cannot excuse his procedural defaults, and therefore his petition should be denied.

## CONCLUSION

This Court should dismiss petitioner's petition for a writ of habeas corpus with prejudice because his claims are procedurally defaulted. Should this Court hold that any of the claims presented in the petition are not procedurally defaulted, respondent requests thirty days from the entry of the Court's order to file a supplemental answer.

August 19, 2008　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　LISA MADIGAN
　　　　　　　　　　　　　　　　　　　　　Attorney General of Illinois

　　　　　　　　　　　　　　By:　/s/ Charles Redfern
　　　　　　　　　　　　　　　　　CHARLES REDFERN, Bar # 6283811
　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　100 W. Randolph Street, 12th Floor
　　　　　　　　　　　　　　　　　Chicago, IL 60601-3218
　　　　　　　　　　　　　　　　　PHONE: (312) 814-3565
　　　　　　　　　　　　　　　　　FAX: (312) 814-2253
　　　　　　　　　　　　　　　　　EMAIL: credfern@atg.state.il.us

## **CERTIFICATE OF SERVICE**

      I certify that on August 19, 2008, I electronically filed respondent's **Answer To Petition For A Writ of Habeas Corpus** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system and on the same date mailed a copy of this document in via United States Postal Service to the following non-CM/ECF user:

      Albert Chavez
      R-18500
      Menard Correctional Center
      P.O. Box 711
      Menard, Illinois 62259

      /s/ Charles Redfern
      CHARLES REDFERN, Bar # 6283811
      Assistant Attorney General
      100 W. Randolph Street, 12th Floor
      Chicago, IL 60601-3218
      PHONE: (312) 814-3565
      FAX: (312) 814-2253
      EMAIL: credfern@atg.state.il.us